IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALLIED WILLIAMS COMPANIES, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| AMERICAN CASUALTY COMPANY, ) CONTINENTAL CASUALTY ) COMPANY, FIRST STATE ) INSURANCE COMPANY, ) HARTFORD FIRE INSURANCE ) COMPANY, and REPUBLIC ) INSURANCE COMPANY ) | CIVIL ACTION NO. 07-CV-230-CB-B |
| ) | |
| Defendants ) | |
| ) | |

**ANSWER OF DEFENDANT AMERICAN CASUALTY COMPANY
OF READING, PENNSYLVANIA TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant American Casualty Company or Reading, Pennsylvania, erroneously sued and served herein as American Casualty Company ("American Casualty"), answering for itself and for no other party, and answers the Complaint of Allied Williams Companies, Inc. ("Allied") as follows:

1. American Casualty has no information or belief regarding the allegations of Paragraph 1 of the Complaint and therefore denies such allegations.

2. American Casualty admits the allegations of Paragraph 2 of the Complaint.

3. American Casualty has no information or belief regarding the allegations of Paragraph 3 of the Complaint and therefore denies such allegations.

1

4. American Casualty has no information or belief regarding the allegations of Paragraph 4 of the Complaint and therefore denies such allegations.

5. American Casualty has no information or belief regarding the allegations of Paragraph 5 of the Complaint and therefore denies such allegations.

6. American Casualty has no information or belief regarding the allegations of Paragraph 6 of the Complaint and therefore denies such allegations.

7. American Casualty has no information or belief regarding the allegations of Paragraph 7 of the Complaint and therefore denies such allegations.

8. American Casualty admits that it issued an insurance policy to Allied Bruce Terminix but denies that it issued any policy to plaintiff that is relevant to this lawsuit because no policy issued by American obligates it to defend or indemnify Allied Williams Companies for the lawsuits identified in the complaint.  Except insofar as herein expressly admitted, American Casualty has no information or belief regarding the allegations of Paragraph 8 of the Complaint and therefore denies such allegations.

9. American Casualty has no information or belief regarding the allegations of Paragraph 9 of the Complaint and therefore denies such allegations.

10. American Casualty admits that it was informed of and denies that it is obligated to defend or indemnify Allied Williams Companies regarding the lawsuit referred to in Paragraph 10 of the Complaint .  Except as herein expressly admitted, American Casualty denies each and every allegation contained in Paragraph 10 of the Complaint.

11. American Casualty admits that it was informed of some or all of the lawsuits referred to in Paragraph 11 of the Complaint.  Except as herein expressly admitted,

American Casualty denies each and every allegation contained in Paragraph 11 of the Complaint.

12.     American Casualty has no information or belief regarding the allegations of Paragraph 12 of the Complaint and therefore denies such allegations.

13.     American Casualty admits that it was informed of the existence of some or all of the suits referred to in Paragraph 13.  Except insofar as herein specifically admitted, American Casualty denies each and every allegation in Paragraph 13, including but not limited to a denial that American Casualty was "kept fully aware of the filing of each new case, amended complaints, their status, settlement negotiations and final resolution."

14.     Paragraph 14 of the Complaint contains no new allegations but incorporates other paragraphs of the Complaint by reference; similarly, American Casualty incorporates by reference its responses to said paragraphs as though set forth fully hereat.

15.     Insofar as the allegations of Paragraph 15 refer to American Casualty, American Casualty denies that any policy issued by American Casualty obligates it to defend or indemnify Allied Williams as to the suits complained of, participate in the remediation of the property referred to, or participate in the settlement of any litigation that is the subject of the Complaint.  American Casualty further denies that it is in breach of any contract between plaintiff Allied or Allied Bruce Terminix and American Casualty.  American Casualty further denies that Plaintiff has suffered any damages on its account.  American Casualty has no information or belief regarding the remaining allegations of Paragraph 15 of the Complaint and therefore denies such allegations.

16.     Paragraph 16 of the Complaint contains no new allegations but incorporates other paragraphs of the Complaint by reference; similarly, American Casualty incorporates by reference its responses to said paragraphs as though set forth fully hereat.

17.     Insofar as Paragraph 17 of the Complaint refers to American Casualty, American Casualty denies each and every allegation in said paragraph. American Casualty has no information or belief regarding the remaining allegations of Paragraph 18 of the Complaint and therefore denies such allegations.

## FIRST AFFIRMATIVE DEFENSE

The Complaint and each cause of action thereof fails to state a claim for which relief may be granted by this court.

## SECOND AFFIRMATIVE DEFENSE

American Casualty is not liable to Allied to the extent there is no coverage under any alleged policy issued by American Casualty for the damages alleged against or sought from Allied.

## THIRD AFFIRMATIVE DEFENSE

There is no coverage under any policy allegedly issued by American Casualty to the extent that the exclusions, terms and/or conditions of that policy apply to bar coverage.

## FOURTH AFFIRMATIVE DEFENSE

There is no coverage under any policy allegedly issued by American Casualty to the extent that the alleged bodily injury and property damage were expected or intended from the standpoint of the insured.

### FIFTH AFFIRMATIVE DEFENSE

Any policy issued by American Casualty contains various limits of liability, including but not limited to limits per occurrence, in the aggregate, and/or in the event of other insurance.  In the event American Casualty is liable to Allied, which liability is expressly denied, American Casualty's liability is limited to said policy limits.

### SIXTH AFFIRMATIVE DEFENSE

There is no coverage under any policy issued by American Casualty to the extent that claims against Allied involve losses that were known or reasonably should have been known by Allied at the time of the issuance of any such policy, or which were in progress at the time of negotiation and issuance of any such policy.

### SEVENTH AFFIRMATIVE DEFENSE

Allied failed to satisfy conditions precedent to coverage under the alleged American Casualty policies.

### EIGHTH AFFIRMATIVE DEFENSE

Allied is not entitled to recover the attorneys' fees and costs that it incurred to defend itself, if any, in the lawsuits referred to in the Complaint, under any of the policies allegedly issued by American Casualty.

### NINTH AFFIRMATIVE DEFENSE

Allied's claims against American Casualty are barred by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

Allied has waived all rights, remedies, claims, and/or causes of action to which it might otherwise be entitled.

**ELEVENTH AFFIRMATIVE DEFENSE**

Allied's claims against American Casualty are barred by the doctrine of laches.

**TWELFTH AFFIRMATIVE DEFENSE**

If Allied sustained or is entitled to any damages, its damages were directly and proximately caused, in whole or in part, by its own breach of legal duty, negligence, carelessness, lack of due care, and/or fault of its authorized agents, including but not limited to its delays in responding to inquiries and providing all facts and documentation requested by American Casualty and/or necessary for the evaluation of the claim.

**THIRTEENTH AFFIRMATIVE DEFENSE**

If Allied is found to be entitled to any damages which fall within the scope of coverage afforded by the American Casualty policies, then, to the extent such damages are also covered by other insurance policies, American Casualty is entitled to contribution and/or a right of setoff for such other insurers' prorationate share of the total loss.

**FOURTEENTH AFFIRMATIVE DEFENSE**

There is no coverage under any policy issued by American Casualty to the extent that the notice provisions of that policy have not been complied with.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Any policies issued by American Casualty do not provide coverage for, and/or exclude coverage for, payments voluntarily made and obligations voluntarily assumed by Allied. To the extent that Allied assumed obligations and incurred expenses without American Casualty's consent, there is no coverage.

**SIXTEENTH AFFIRMATIVE DEFENSE**

To the extent the proceedings against Allied do not arise out of an "occurrence" or "accident" under any policy issued by American Casualty, no coverage is available for those claims.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

To the extent the claims against Allied referred to in the Complaint are not claims for "bodily injury," "personal injury," or "property damage" under any policy allegedly issued by American Casualty, the claim is not covered by the American Casualty policies.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The policy or policies allegedly issued by American Casualty provide coverage only for injury or damage arising from an occurrence taking place during the policy period. To the extent the underlying claim involves "bodily injury," "personal injury," or "property damage" which did not occur during the policy period of the alleged American Casualty policies, there is no coverage.

**NINETEENTH AFFIRMATIVE DEFENSE**

Coverage under the policies allegedly issued by American Casualty is limited or barred to the extent Allied has breached the implied covenant of good faith and fair dealing.

**TWENTIETH AFFIRMATIVE DEFENSE**

Allied's claims are barred in whole or in part by applicable statutes of limitation, including Alabama Code sections 6-2-33 and 6-2-34.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The policies at issue in this case, if any, are void to the extent that Allied failed to disclose, concealed, or misrepresented facts which were material to any risk underwritten by American Casualty.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Coverage under the policies allegedly issued by American Casualty is precluded or limited to the extent that Allied failed to mitigate, minimize, or avoid any of the damages it has allegedly sustained.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Coverage under the insurance policies allegedly issued by American Casualty is barred or limited to the extent that the claims asserted in the underlying claims referred to in Allied's Complaint involve recovery for statutory violations, criminal or civil fines, penalties or sanctions, exemplary and/or punitive damages, or any other penalties assessed or imposed on Allied.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Coverage under the insurance policies allegedly issued by American Casualty is barred or limited to the extent the claims asserted in the claims referred to in the Complaint involve claims for the cost of complying with federal, state, or local rules, regulations, ordinances, statutes or laws.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Coverage under the policies allegedly issued by American Casualty is barred in whole or in part by the existence of other insurance.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Coverage is barred under the American Casualty policies to the extent that Allied has impaired or prejudiced any right to subrogation, indemnification or contribution that American Casualty may otherwise have had.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Allied's actions have rendered the American Casualty policies void under Alabama Code section 27-14-23.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

To the extent that the claims against Allied referred to in the Complaint involve injuries, damages or losses that were caused by the willful acts of Allied, coverage is precluded in whole or in part by public policy.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Coverage under the policies is precluded in whole or in part by Allied's failure to cooperate with American Casualty.

**THIRTIETH AFFIRMATIVE DEFENSE**

Should it be determined that American Casualty has any obligation with respect to the underlying claim, which obligation American Casualty expressly denies, Allied's rights to recover from American Casualty are subject to the proper allocation of such claims to the periods and layers of coverage when injury or damage actually occurred, including periods and layers for which American Casualty did not provide insurance.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

There is no coverage under any policy allegedly issued by American Casualty to the extent that any alleged claims brought against plaintiff do not constitute "damages," as that term is used in the American Casualty policies.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Allied's claims are barred by the provisions of the American Casualty policies providing that no action shall lie against American Casualty unless, as a condition precedent thereto, the Allied has complied with all of the terms of the American Casualty policies.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Notwithstanding American Casualty's express denial that it has any obligation to compensate Allied, in the event American Casualty is adjudicated to have any such obligation, American Casualty is entitled to an adjudication as to the amount of any such liability, taking into account all of the applicable insurance policies Allied has or had with any other insurance company, any self-insurance company, any self-insurance provided by Allied and all other such facts as may bear on this issue.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that Allied maintained environmental impairment liability insurance or other insurance relating specifically to environmental exposures and hazards, such specific risk contracts are required to respond first to claims against Allied that arise out of such risks prior to any application of more general risk policies such as the American Casualty policies at issue in this case.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

To the extent that Allied seeks recovery based on actions by entities that do not qualify as insureds under the terms and conditions of the American Casualty policy, recovery against American Casualty is barred.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The American Casualty policy or policies do not provide coverage for property damage to property owned by, occupied by or rented to the insured. Additionally, the American Casualty does not provide coverage for property damage to property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control. To the extent the alleged claims against Allied include damage to such properties, such claims are not covered by any alleged American Casualty policy.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The alleged American Casualty policies do not apply to property damage to premises alienated by the named insured or arising out of such premises or any part thereof.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

There is no coverage under any policy allegedly issued by American Casualty to the extent that the proceedings against Allied alleged bodily injury and/or property damage and/or personal injury damages arising out of the discharge, dispersal, release or escape of toxic chemicals or other irritants, contaminants or pollutants.

## **FORTIETH AFFIRMATIVE DEFENSE**

Allied has failed to describe the claims with sufficient particularity to permit American Casualty to determine all appropriate defenses; American Casualty therefore reserves its right to amend or supplement this Answer with additional affirmative defenses when the precise nature of such claims are established or made known more fully.

## **PRAYER FOR RELIEF**

WHEREFORE, defendant American Casualty prays for judgment as follows:

1. That Allied's causes of action be dismissed with prejudice;

2. In the alternative, declaring the limit of any obligations of American Casualty with respect to the matters set forth in the Complaint; and

3. For such other and further relief as the Court may deem just and proper.

                Respectfully submitted,

                      s/Donald W. McCormick
                        Donald W. McCormick

              One of the Attorneys for Defendant
            American Casualty Company of Reading,
                          Pennsylvania

<u>OF COUNSEL</u>

Donald W. McCormick
Cathryn Blue Derian
McCORMICK & ASSOCIATES, P.C.
2722 Highland Court South
Birmingham, Alabama 35205

1829 Franklin Street, Suite 600
Chapel Hill, North Carolina 27514
Phone (919) 918-7113
Fax (919) 933-9233

**JURY DEMAND**

Continental Insurance Company demands trial by jury on all claims and all issues which may be properly tried to a jury under Alabama law.

Respectfully submitted,

s/Donald W. McCormick

Donald W. McCormick

One of the Attorneys for Defendant
Continental Insurance Company

OF COUNSEL

Donald W. McCormick
Cathryn Blue Derian
McCORMICK & ASSOCIATES, P.C.
2722 Highland Court South
Birmingham, Alabama 35205

1829 Franklin Street, Suite 600
Chapel Hill, North Carolina 27514
Phone (919) 918-7113
Fax (919) 933-9233

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 30th day of March, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of the filing to the following:

Maura Z. Pelletieri
Thomas M. Beh
Pamela R. Dunlop-Gates
Charles B. Long
Ian D. Rosenthal
Mark E. Spear
William B. Walheim

                 s/Donald W. McCormick
                    OF COUNSEL