IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

PRISCILLA ROBERTS, FRED HALL,
OTIS J. SPURGEON JR., DANIEL DUNFORD                                    PLAINTIFFS

VS.                                                    CIVIL ACTION NO. 251-04-969

ROBERT J. WILLIAMS, THE TERMINIX
INTERNATIONAL COMPANY L.P., TERMINIX
INTERNATIONAL, INC., ALLIED
BRUCE-TERMINIX COMPANIES, INC. , ALLIED
WILLIAMS COMPANIES, INC., THE SERVICE
MASTER COMPANY, TOM OOTON, SKEETER
WEATHERSBY, DAVID KELLY AND DOES 1-100                                 DEFENDANTS

FILED

DEC 2 0 2004

BARBARA DUNN, CIRCUIT CLERK
                                                    D.C.

---

## FIRST AMENDED COMPLAINT

### Trial By Jury Requested

---

COME NOW, the Plaintiffs in the above-entitled action, by and through counsel, and file this, their

Complaint against Defendants, and support thereof would show as follows:

### INTRODUCTION

1.

This action seeks redress for damages sustained by Plaintiffs resulting from a habit, pattern and

practice of wrongs by these Defendants, including, but not limited to, Robert J. Williams, The Terminix

International Company L. P., Terminix International, Inc., Allied Bruce-Terminix Companies, Inc., Allied

Williams Companies, Inc., The Servicemaster Company, Tom Ooton, Skeeter Weathersby and David Kelly.

Plaintiffs seek relief only under the laws of the State of Mississippi, and make no claim under any federal

statutory or common law authority or based on violation of any federal law, and Plaintiffs further and

specifically waive any right to pursue any federal statutory or federal common law remedies herein.

ACC/CCC 00358

## PARTIES

2.

Plaintiffs are adult and otherwise fully competent resident citizens of the counties indexed in Exhibit "A", which is attached hereto and incorporated herein by reference.

3.

Defendant, **Robert J. Williams**, is a non-resident of the State of Mississippi, and is the record title holder of the subject Terminix site described in paragraph 14 below; having his principal place of business in Alabama, and may be served with pro ess of this Court by serving him at 58 Midtown Park, East, Mobile, Alabama.

4.

Defendant **The Terminix International Company L. P.** (hereinafter TICLP"), is a foreign limited partnership doing business in Mississippi, but which is not registered with the Mississippi Secretary of State. The Terminix International Company L. P. headquarters, where it may be served with process of this Court, is located at 860 Ridge Lake Blvd., Memphis, TN, 38120. Upon information and belief, the general partner of The Terminix International Company L. P. is Defendant **Terminix International Inc.** (herein after "TII"), who is also doing business in Mississippi, but which is not registered with the Mississippi Secretary of State, and whose headquarters, where it may be served with process of this Court, is located at 860 Ridge Lake Blvd., Memphis, TN 38120. Terminix International Company L. P. and Terminix International Inc. are successor corporations to Allied Bruce-Terminix Companies, Inc. and are liable for the illegal practices alleged in this Complaint, in part, because:

    a.    Each or the other expressly or impliedly agreed to assume the obligations of the Allied Bruce-Terminix Companies, Inc.;

ACC/CCC 00359

b.    Each or the other is merely a continuation of the Allied Bruce-Terminix Companies, Inc. which includes, *inter alia*, the following: continuity of management; personnel and physical location; continuity of shareholders; the liquidation and dissolution of the seller corporation(s); the acquiring corporation(s)' assumption of the sellers' liabilities; the acquiring corporations' adoption of the same management as the seller corporation; the acquiring corporations' retention of the name of the seller corporations (inclusive of Terminix and Allied Bruce-Terminix Companies, Inc.); and the acquiring corporations' operation of 'he same facilities as the same location as the sellers locations, to include, but not limited to the subject Terminix site and additional properties;

Additionally, each or the other was on notice of, authorized, ratified, approved and/or adopted the unlawful practices described herein and the "fruit" from the poisonous tree.

5.

Defendant **Servicemaster Company** (hereinafter "SMC"), is a foreign corporation not registered with the Mississippi Secretary of State, whose principal place of business is Illinois; SMC's headquarters, where it may be served with process of this Court, is located at 3250 Lacey Road, Suite 600, Downers Grove, IL, 60515. Upon information and belief, SMC is the parent and/or successor corporation of The Terminix International Company L. P., Terminix International Inc. and Allied Bruce-Terminix Companies, Inc., and as such SMC is vicariously liable for the tortuous conduct complained of herein. Additionally, SMC was on notice of, authorized, ratified, approved and/or adopted the unlawful practices described herein and the "fruit" from the poisonous tree.

6.

Defendant **Allied Bruce-Terminix Companies, Inc.** (hereinafter "ABTC"), is a foreign corporation, whose principal place of business is 1205 Pin Oak Drive, Jackson, MS, 39208, and may be served with

ACC/CCC 00360

process of this Court by service its against is for service CT Corporations System, 645 Lakeland East Drive, Ste. 101, Flowood, MS, 39232.

7.

Defendant **Allied Williams Companies, Inc**. (hereinafter "Allied Williams"), is a foreign corporation not registered with the Mississippi Secretary of State, whose principal place of business is Alabama; Allied Williams' headquarters, where it may be served with process of this Court, is located at 50 Midtown Park E., Mobile, Alabama 36606. Upon information and belief, Allied Williams is a successor corporation of Allied Bruce-Terminix Companies, Inc., and as such Allied Williams i· vicariously liable for the tortuous conduct complained of herein. Additionally, Allied Williams was on notice of, authorized, ratified, approved and/or adopted the unlawful practices described herein and the "fruit" from the poisonous tree.

8.

Defendant, **Tom Ooton**,, was, upon information and belief, a former supervisor and/or manager of the subject Terminix site, and may be served with process of this Court by serving him at 115 Lockwood Circle, Jackson, MS. This Defendant's conduct was outrageous, intentional, willful, malicious, deceitful, reckless and fraudulent. In short, he affirmatively and actively participated in, was involved with, aided and abetted, was in concert and conspiracy with the other Defendants and injured Plaintiffs. Ooton was responsible for training and supervising other employees and overseeing the subject Terminix site of the corporate Defendants. Such conduct included, but was not limited to the following:

        a)      Allowing and condoning the practice of dumping and/or draining contaminated pesticides and/or insecticides in close proximity to the Plaintiff's real property;

        b)      Allowing the Terminix employees to regularly wash containers holding pesticides and/or insecticides in the back of the Terminix site; and

**ACC/CCC 00361**

c)    Allowing Terminix to vacate the subject Terminix site knowing or should have known that the soil and creek had been contaminated by their practices;

d)    Failure to use due care;

e)    Failure to report the contamination known to him to the appropriate authorities:

f)    Failure to remediate the contamination;

g)    Failure to report the contamination to the residents/plaintiffs, and

h)    Failure to warn the residents/plaintiffs.

Such conduct rises to the level of an independent tort.

9.

Defendant, **Skeeter Weathersby**, is deceased and was a resident of the State of Mississippi, and was, upon information and belief, a former employee of the subject Terminix site, and whose estate needs to be opened and administered. This Defendant's conduct was outrageous, intentional, willful, malicious, deceitful, reckless and fraudulent. In short, he affirmatively and actively participated in, was involved with, aided and abetted, was in concert and conspiracy with the other Defendants and injured Plaintiffs. Weathersby took part in the dumping of chemicals behind the subject site. Such conduct rises to the level of an independent tort.

10.

Defendant, **David Kelly**, is deceased and was a resident of the State of Mississippi, and was, upon information and belief, a former employee of the subject Terminix site, and whose estate needs to be opened and administered. This Defendant's conduct was outrageous, intentional, willful, malicious, deceitful, reckless and fraudulent. In short, he affirmatively and actively participated in, was involved with, aided and abetted, was in concert and conspiracy with the other Defendants and injured

Plaintiffs. Kelly took part in the dumping of chemicals behind the subject site. Such conduct rises to the level of an independent tort.

11.

Defendants Does 1-100, are those other persons, firms, corporations or other entities whose wrongful conduct, caused or contributed to the injuries and damages of the Plaintiffs, all whose true and correct names are unknown to the Plaintiffs at this time, but will be joined by amendment when ascertained.

12.

The Defendants' conduct was intentional, willful, malicious, reckless, and deceitful. Each Defendant affirmatively and actively participated in, was involved with, aided and abetted, ratified, was in concert and conspiracy with the other Defendants in injuring Plaintiffs and their property interests. Each Defendant sued herein was the co-conspirator of the other and was acting within the course and scope of the conspiracy formed amongst each of them. Each Defendant sued herein aided and abetted the other with the intent that each would be successful in their mutual endeavors.

## VENUE AND JURISDICTION

13.

This Court has jurisdiction over both the subject matter and the parties as one or more of the Plaintiffs live in Hinds County; Mississippi, a part or portion of the actions complained of herein occurred and/or accrued in Hinds County, a part or portion of the subject real property is located in Hinds County, and the Defendants are and/or were doing business in Hinds County.

ACC/CCC 00363

14.

Venue is proper in Hinds County, Mississippi, pursuant to M.C.A. § 11-11-3 as Defendants have committed torts in said county that proximately caused Plaintiffs to sustain injuries and damages occurring in Hinds County, Mississippi.

15.

There is no basis for federal court jurisdiction over this matter. Plaintiffs have not pleaded nor do plaintiffs intend to plead any claim cognizable under federal law or any federal code, regulation, rule, statut , or otherwise.

## BACKGROUND

16.

Plaintiffs reside at, own real property, or formerly resided and/or owned real property on La Salle Street in Jackson, Mississippi, more specifically located in the SE 1/4 and NE 1/4 of Section 20 and the SW 1/4 and the NW 1/4 of Section 21, Township 5 North, Range 1 East, Hinds County, Mississippi. Said property was and still is contaminated with hazardous substances, including, but not limited to, Aldrin, Technical Chlordane and Dieldrin, originating from the subject "Terminix site", which is more particularly described as follows:

> A certain lot or parcel of land fronting 60 feet on the West right-of-way line of U. S. Interstate Highway No. 55 and extending back westerly to the east line of Englewood Part 5, a subdivision in the City of Jackson, Mississippi, and being situated in the SE 1/4 of the NE 1/4 of Section 20 and in the SW 1/4 of the NE Section 21, all being in T5N, R1E, First Judicial District of Hinds County, Mississippi, and being more particularly described as follows:
>
> For a place of beginning start at the intersection of the centerline of a certain 50 foot strip (reserved for the extension of Dunlap Avenue) with the east line of said Englewood Part 5 and which point is further described as being South 25 degrees 00' West a distance of 25 feet from the southeast corner of Lot 5, Block 28 of said Englewood Part 5; and from

ACC/CCC 00364

this place of beginning measure thence North 25 degrees 00' East and along the east line of said Englewood Part 5 for a distance of 203.22 feet to the northeast corner of Lot 3, Block 28 of said Englewood Part 5 and which point is the real place or point of beginning for the description of the property herein described, turn thence to the right through a deflection angle of 65 degrees and run east for a distance of 110.02 feet to a point on the west right-of-way line of U. S. Interstate Highway No. 55; run thence southerly along the said west right of way line for a distance of 60 feet, said west right-of-way line being 200 feet measured westerly at right angles from and parallel with the centerline of said U. S. interstate Highway No. 55 as now (February 1964) laid out and improved; run thence westerly for a distance of 140 feet to a point on the east line of said Englewood Part 5 which point is South 25 degrees 00' West a distance of 67.90 feet from the point of beginning; run thence North 25 degrees 00' East and along east line for a distance of 67.90 feet to the po nt of beginning.

Hereinafter referred to as the "Terminix site."

17.

The contamination was and is transported to the Plaintiffs' real property from the subject Terminix site by water runoff, by Defendants' past practices of dumping contaminated pesticides and/or insecticides in close proximity to the Plaintiffs' real property.

18.

As a result of the contamination, the Plaintiffs' property requires remediation to protect the health and welfare of the Plaintiffs' and other individuals who are or may be exposed to the hazardous materials.

19.

The actual physical harm to the affected property reduces the value of the Plaintiffs' property for which the Plaintiffs are entitled to recover monetary damages.

ACC/CCC 00365

20.

Further, as result of the contamination, the Plaintiffs have been exposed to hazardous materials and suffered and/or will suffer injury for which they should be compensated by all Defendants.

21.

The subject Terminix site was situated on the frontage road on South Interstate 55 in Hinds County, Mississippi. Said Terminix site backed up to LaSalle Street in the Englewood Subdivision in Hinds County, Mississippi. While the subject site was in use, after a job was completed, the Defendants' employees illegally and wrongfully would regularly wash contai ers holding pesticides and/or insecticides in the back of the plant and dump or drain chemicals directly onto the ground behind the Terminix site. The water mixed with pesticides, ran down the hill behind the site and into a creek that separated the back of the Terminix site and the Plaintiffs' properties. The Defendants did so with the knowledge that the creek was a public water source. They did so knowing the creek was not a landfill or waste site. This practice went on until Defendants vacated that particular site. Tests conducted in the subject creek confirm the soil in the creek behind the subject Terminix plant site contains toxins found in the pesticides and/or insecticides used by Defendants in their practice and procedures. Further, upon information and belief, Defendants, at the time they vacated the subject Terminix site, knew or should have known that the soil and creek had been contaminated by their practices. Tests show the pesticides dumped into the creek were composed of Technical Chlordane, Aldrin and Dieldrin. The toxins which made up the pesticides and/or insecticides used by Defendants did not simply wash away as the water traveled; rather, they settled into the soil of the creek bank and surrounding property, exposing the toxins found in the pesticides and/or insecticides to the Plaintiffs who walked the soil, breathed the air, and used the creek water from the time it was dumped until the present time. Many of the residents had gardens in their backyards and/or along the creek, and when the creek would over-flow, the gardens

ACC/CCC 00366

would then become submersed with these toxins. The vegetables which were grown in these gardens were further inundated with the poisons and were subsequently consumed by several of the residents. The contact the residents had with these toxins were long term and direct, and they were exposed to toxic levels of these chemicals without their knowledge.

22.

All of these aforementioned contaminants found on or near the Plaintiffs' property have effects on the environment and humans. Because all of the contaminants do not dissolve in water, they stick strongly to soil and can st ay there for decades. They are stored in fat and leave the body very slowly, and they build up in the tissues of fish, birds, and mammals. Contamination can occur through eating crops grown in soil that contains the chemicals or eating fish or shellfish from contaminated lakes or streams, as well as by breathing air or touching soil near waste sites or landfills. These toxins have been shown to affect the nervous system, the digestive system, and the liver in people and animals. People exposed to these toxins may suffer from a sudden onset of convulsions, which can result in death. Alongside, or separate from, convulsions, one who was exposed to these toxins may experience headaches, dizziness, irritability, vomiting, and uncontrolled muscle movements, confusion, weakness, vision problems, stomach cramps, diarrhea, and jaundice. All of the afore-mentioned toxins have also been associated with cancer.

23.

Upon information and belief, after the Defendants continued to improperly dispose of the aforementioned toxic chemicals at the Terminix site, despite their knowledge of the hazardous and toxic nature of the chemicals, the Defendants failed to remediate the property, which they knew or should have known was contaminated, or to inform any governmental agency.

ACC/CCC 00367

24.

As a result of Defendants' acts, Plaintiffs and/or their property have been exposed to hazardous contamination, which has proximately caused damage to their persons and/or property.

## COUNT ONE – NEGLIGENCE

25.

The Plaintiffs reassert and re-allege all previous allegations set forth herein.

26.

Since commencing operations at the subject Terminix site, the Defendants owe and at all relevant times owed a duty of reasonable care to the Plaintiffs. Plaintiffs are reasonably foreseeable victims of the dissemination of contaminants off site, of which the Defendants have been aware for years. The Defendants, their officers, agents, and employees knew or should have known with the exercise of reasonable care that the operations and hazardous waste disposal practices of Defendants emitted toxic substances which were and are running off, through and gathering on the Plaintiffs' properties and surface waters, or with the exercise of reasonable care should have known that such emissions would injure the property and health of the persons living near the plant site and the contaminated areas, including the Plaintiffs and other members of the public nearby. Moreover, Defendants knew or should have known that the soil located at the plant site was heavily contaminated with toxic chemicals.

27.

At all times since this Terminix site commenced operation, the Defendants have failed to use due care to avoid injuring the Plaintiffs herein or their property. Furthermore, the contamination, the disposal of waste, and accumulation of contaminants on the Plaintiffs' properties could have been and can be eliminated or substantially reduced by the exercise of reasonable care, proper abatement, remediation, the installation of effective treatment plants, and/or pollution control systems.

ACC/CCC 00368

28.

As a direct and proximate result of the negligent acts and omissions of the Defendants and their employees, agents and representatives, the Plaintiffs have suffered damages. Actual damages should be awarded to the Plaintiffs for all injuries caused by the negligent acts of the Defendants.

## COUNT TWO – GROSS NEGLIGENCE

29.

The Plaintiffs reassert and re-allege all previous allegations set forth herein.

30.

The failure of Defendants, their officers, agents and employees to prevent the contaminants from migrating offsite and accumulating on the Plaintiffs' properties, continuing to dispose of waste onto the ground, in surface waters, causing contaminated water and soils to be removed from the plant facility and deposited on the Plaintiffs' properties, and failing to properly and expeditiously abate and remediate the contamination constitutes gross neglect which exhibits a willful, wanton and reckless disregard for the safety, health and property rights of the Plaintiffs herein and of those living in the vicinity of the subject Terminix site.

31.

As a direct and proximate result of the gross negligence and/or willful and wanton acts and/or reckless disregard of Defendants the Plaintiffs have suffered and continue to suffer personal injury and property damage. Said Defendants' gross negligence, willful and wanton acts and/or reckless disregard, and violation of Mississippi law entitle the Plaintiffs to punitive damages against each Defendant, and in such a sum as to punish the Defendants and to deter the Defendants, from engaging in such irresponsible and dangerous activities.

## COUNT THREE – NEGLIGENCE PER SE

32.

The Plaintiffs reassert and re-allege all previous allegations set forth herein.

33.

As an alternative ground for relief, Plaintiffs assert a cause of negligence per se.

34.

Defendants failure to cease the disposal of contaminates into the environment, to properly report their violations, to properly and timely remediate soil and wa er contamination at the Terminix site and offsite, and to prevent the offsite migration of contamination is in violation of state law, specifically M.C.A. §§17-17-1 et seq. and 49-17-1, *et seq.* Said laws are designed to protect the class of individuals of which the Plaintiffs are members from the precise type of harm suffered by Plaintiffs as a proximate result of Defendants' violations of said laws.

## COUNT FOUR – PRIVATE NUISANCE

35.

The Plaintiffs reassert and re-allege all previous allegations set forth herein.

36.

Defendants' acts and omissions described herein have and continue to interfere with Plaintiffs' property interests and/or their use, enjoyment, and peaceful occupation of their properties. Residents cannot engage in their customary activities such as vegetable and flower gardening, landscaping, and similar activities due to the hazardous contamination of the soils on the premises. Residents must restrict their own outdoor activities and their child's outdoor activities in contaminated areas, including their residential yards, to reduce and/or avoid exposure to the hazardous wastes that have and continue to invade their properties.

Residents suffer great emotional distress caused by having to live on contaminated property and in such close proximity to the Terminix site.

36.

Defendants' ongoing interference with Plaintiffs' use and enjoyment of their properties is intentional and unreasonable in that Defendants are, were, and always should have been aware of the locations and concentrations of contamination originating from the Terminix site. Defendants' past interference with Plaintiffs' use and enjoyment of their properties was either intentional or so grossly negligent and reckless and/or abnorme ly dangerous as to constitute intentional interference with Plaintiffs' property rights.

37.

Accordingly, Plaintiffs are entitled to damages, including punitive damages for private nuisance resulting from Defendants' conduct.

## COUNT FIVE – PUBLIC NUISANCE

38.

The Plaintiffs reassert and re-allege all previous allegations set forth herein.

39.

As a further and alternative ground for relief, plaintiffs assert a cause of action for public nuisance.

40.

As a result of an act of the Public Trust Doctrine, the water below the ground was ceded to the State to be held in an irrevocable trust for the benefit of the public. Plaintiffs are among the beneficiaries of that trust. The Defendants' pollution of the soil and surface waters as part of a scheme to dispose of hazardous, industrial waste and toxic materials wrongfully damages the assets of the trust

ACC/CCC 00371

for an improper, private purpose and is the proximate cause of the Plaintiffs' injuries and damages.

Defendants' plant operations and waste disposal practices therefore constitute a public nuisance.

Because of Plaintiffs' unique, close proximity to the Terminix site and their suffering of injuries and

property damage which are direct results of the plant's operation, unlike the community at large,

Plaintiffs are entitled to bring this action for public nuisance. Accordingly, Plaintiffs are entitled to

damages, including punitive damages resulting from the Defendants' conduct.

## COUNT SIX – TRESPASS

41.

The Plaintiffs reassert and re-allege all previous allegations set forth herein.

42.

Defendants have caused toxic pollutants to escape the Terminix site through, *inter alia,* water runoff,

and by dumping toxic materials behind the Terminix site. The damages to Plaintiffs' properties is solely,

directly, and proximately caused by a trespass by the Defendants and each of them. Plaintiffs are entitled

to recover actual and punitive damages from Defendants for Plaintiffs' pecuniary losses resulting from the

trespass.

## COUNT SEVEN – STRICT LIABILITY

43.

The Plaintiffs reassert and re-allege all previous allegations set forth herein.

44.

As a further and alternative ground for relief, Plaintiffs assert a cause of action for strict liability

pursuant to 403(a) of the RESTATEMENT (SECOND) OF TORTS and pursuant to M.C.A. § 11-1-63

(Supp. 1994).

45.

The processes, materials, and hazardous waste disposal practices employed by Defendants are ultra hazardous in that they produce and release into the environment substances and chemicals and other hazardous materials. The processes used by Defendants are defectively designed and unreasonably dangerous to the persons living in close proximity to the Terminix site, particularly the Plaintiffs herein. The Defendants knew, or in light of the reasonable available knowledge or the exercise of reasonable care should have known, the unreasonable dangers caused by their processes and practices. Such hazardous substances escaping into the environment end nger the property, lives and health of persons breathing the air and being exposed to the contaminants even if those in charge of these processes and practices attempt the exercise with the utmost care to prevent such releases.

46.

The Defendants, therefore, are strictly liable pursuant to 403(a) of the RESTATEMENT (SECOND) OF TORTS and M.C.A. § 11-1-63 (Supp. 1994) to the Plaintiffs for the injuries inflicted on them by the Defendants' dangerous instrumentalities and waste disposal practices in furtherance of the Defendants' ultra hazardous activities.

## COUNT EIGHT – FAILURE TO WARN

47.

The Plaintiffs reassert and re-allege all previous allegations set forth herein.

48.

The Defendants failed to warn the Plaintiffs concerning all dangers related to their practices and/or processes, the way byproducts were produced, the handling of hazardous materials upon property in close proximity to the Terminix site, and off site deposition of hazardous materials from the Terminix site.

ACC/CCC 00373

Specifically, the Defendants failed to provide the Plaintiffs, other persons similarly situated, and the public at large with warnings of all dangers inherent in the production of their byproducts and their disposal process and that hazardous wastes were traveling though and accumulating on property in close proximity to the Terminix site which was not within the knowledge of or obvious to the ordinary person, including the Plaintiffs. These dangers include the fact that the Defendants' manufacturing processes, procedures, equipment, byproducts and/or designs were and are highly dangerous to the health of the persons exposed to them in they caused or contributed to the development of a wide variety of injuries and damages. Additionally, Defendants failed to provide Pl intiffs with knowledge as to what would be reasonably safe and sufficient protection if, in truth, there was any, to protect them from harm and/or life threatening injury as a result of their exposure to the byproducts and/or processes and/or hazardous wastes which originated from the Terminix site and traveled through and accumulated on property and surface waters in close proximity to the Terminix site.

49.

Defendants have negligently and recklessly failed and refused to warn and advise the Plaintiffs, others similarly situated and the public at large, of the dangers caused by Plaintiffs' past and present exposure to defective byproducts, processes and/or emissions and releases of the Defendants, and which Defendants knew or should have known endangered the Plaintiffs and invaded the Plaintiffs' soil and/or breathing zone and/or bodies.

50.

Despite such knowledge, Defendants refused to warn and advise of the dangers, caused by the byproducts, processes and/or emissions which emitted from, traveled through and/or accumulated on the Plaintiffs' respective properties, to the health and welfare of persons coming into contact with such. Moreover, despite Defendants' knowledge that dangerous byproducts, processes, and/or toxic emissions

ACC/CCC 00374

traveled through and accumulated on Plaintiffs' respective properties.

51.

Defendants' failure to warn and intentional omissions took place before, during, and after the Plaintiffs and/or their properties were exposed to the byproducts, processes, wastes and/or emissions which emitted from, traveled through and/or accumulated on the Plaintiffs' respective properties. Defendants' breach of duty to warn Plaintiffs of the dangers posed by their exposure to said contaminants are the proximate cause or a substantial contributing cause of Plaintiffs' damages.

## COUNT NINE – FAILURE TO USE ALTERNATIVE PROCESSES

52.

The Plaintiffs reassert and re-allege all previous allegations set forth herein.

53.

Since the Defendants, as owners and/or users of and other hazardous and toxic materials known to be hazardous, the Defendants are held to the knowledge of an expert. They are required by law to keep abreast of scientific knowledge, discoveries, and advances in processes. Defendants could have years ago created sumps, pumps, ground containment systems in the various process areas or drainage areas to prevent the migration of any hazardous material offsite and particularly the ditches that led offsite.

54.

Defendants' breach of their duties are the proximate cause or a substantial contributing cause of Plaintiffs' damages.

ACC/CCC 00375

## COUNT TEN – INTENTIONAL TORT OF FRAUDULENT

## OMISSIONS CAUSING HARM

55.

The Plaintiffs reassert and re-allege all previous allegations set forth herein.

56.

The Defendants, their executive officers, agents and employees have a duty to disclose and properly represent to the Plaintiffs and others in the surrounding area of the subject Terminix site the danger associated with exposure to the hazardous substance discharged from the Terminix site which traveled across and/or accumulated on their property and the true medical and scientific consequences to the Plaintiffs resulting from exposure to said substances. The Defendants knew the propensity for sickness and diseases, as well as other adverse health effects, resulting from exposure to, other byproducts of the processes and other hazardous substances, all of which are hazardous, but never disclosed to the Plaintiffs any of this information and fraudulently omitted all of this information from the Plaintiffs although such information was and is particularly within the knowledge of the Defendants.

57.

Because of the fraudulent omissions and/or non-disclosure by the Defendants, the Plaintiffs justifiably continue or continued to live in the vicinity of the subject Terminix site and have relied on the misconception that they were not being harmed or damaged by exposure to the chemical discharge and releases from the plant site. As a result of this non-disclosure and/or this fraudulent omission, the Plaintiffs have been injured.

ACC/CCC 00376

## COUNT ELEVEN – INTENTIONAL TORT OF OUTRAGE

58.

The Plaintiffs reassert and re-allege all previous allegations set forth herein.

59.

The previously described negligent, grossly negligent, reckless and intentional acts committed by the Defendants in their failure to disseminate medical and scientific information concerning the true nature of the hazards associated with exposure to the contaminants which discharged from, traveled through and/or accumulated on or near the Plaintiffs' respective properties, together with their knowledge that the Plaintiffs, other persons similarly situated and the public at large, were required to work and live in an environment polluted by toxic emissions from the Defendants' facility, is so egregious as to shock the conscience of a reasonable person and the public at large, thereby constituting the intentional tort of outrage for which Plaintiffs should be compensated.

## DAMAGES

60.

The Plaintiffs reassert and re-allege all previous allegations set forth herein.

61.

As a direct and proximate result of the aforesaid acts and omissions of the Defendants, the Plaintiffs have suffered the following injuries and are entitled to recover and seek to recover from the Defendants, the following damages pursuant to each or any one of the causes of action stated above:

(1) Damages for Plaintiffs' emotional distress, anxiety, fear, aggravation and inconvenience that have been caused by concern about their exposure to contamination;

ACC/CCC 00377

(2) Damages for the personal injuries to Plaintiffs including, but not limited to, any illness, cancer, disease, cost of medical monitoring or bodily disruption resulting from the exposure to the contaminants emanated through the acts and/or omissions of the Defendants; and

(3) Plaintiffs have lost benefits of their agreement for the purchase of suitable homes and previously desirable properties, have lost monies spent on improving their homes and properties, have lost or experienced a diminution in the appreciation that they would have experienced had their homes and properties not been contaminated with hazardous substances originating from the Terminix site, have lost the benefit of monies paid on their mortgages, have lost some or all of the value of their down-payments, and have spent and will continue to spend a period of time having to live in close proximity to the Terminix site which contains toxic wastes and the pollution emanating from it.

(4) All other actual and/or consequential damages flowing from personal injury and property damage.

(5) Plaintiffs further request punitive damages against Defendants for their wanton, willful and reckless disregard for the health and welfare of the Plaintiffs and gross negligence in damaging Plaintiffs' persons and properties for all the reasons stated herein above. The acts of omission and commission of Defendants were and are so grossly negligent as to entitle the Plaintiffs to recovery of punitive damages of and from each of said defendants in an amount sufficient to punish them for their egregious acts and to deter them and others similarly situated from such conduct in the future.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment against all Defendants, both jointly and severally, in an amount that will adequately compensate them for their actual and consequential damages described herein. In addition, Plaintiffs seek punitive damages

**ACC/CCC 00378**

against all Defendants, in an amount to be set by jury to punish Defendants and deter others from

engaging in similar wrongful acts and omissions. Plaintiffs seek pre-judgment and post-judgment

interest, costs and reasonable attorneys' fees assessed against all Defendants.

   Plaintiffs additionally pray for such other and further relief to which they may show themselves

justly entitled in the premises.

         Respectfully submitted,

         PRISCILLA ROBERTS, FRED HALL,
         OTIS J. SPURGEON JR.,
         DANIEL DUNFORD, PLAINTIFFS

     BY:

         DEREK L. HALL

OF COUNSEL FOR PLAINTIFFS:

DEREK L. HALL, ESQ. (MSB# 10194)
2660 RIDGEWOOD ROAD, STE. 500
JACKSON, MISSISSIPPI 39216
TELEPHONE: (601) 981-4450
TELECOPIER: (601) 981-4717

ROBERT B. OGLETREE (MSB#10427)
OGLETREE LAW FIRM, P.A.
2660 RIDGEWOOD ROAD, STE. 500
JACKSON, MISSISSIPPI 39216
TELEPHONE: (601) 981-4450
TELECOPIER: (601) 981-4717

ACC/CCC 00379

## Exhibit A

Priscilla Roberts, 3056 LaSalle Street, Jackson, MS 39212
Fred Hall, 1155 Briarwood Drive, Jackson, MS 39211
Otis J. Spurgeon Jr., 601 Pemberton Dr., Pearl, MS 39208
Daniel Dunford, 107 Tracy Ln., Clinton, MS 39056

ACC/CCC 00380